

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 11, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C-361

Re: Method of computing
inheritance taxes
where husband wills
to third parties his
community one-half
interest in govern-
ment bonds payable
to himself or his wife.

Dear Mr. Calvert:

You have advised us of the following facts in connection
with the above captioned matter. The decedent in question
died testate leaving a will which contained, among others,
the following provision:

> ". . .All other personal property
> which I may own at the time of my
> death, including but not limited to my
> community one-half interest in all
> community United States Government
> Bonds, howsoever they may be inscribed,
> I bequeath to my beloved children,
> Allen Bates, Doris Mae Cotton, and
> Betty Sevilla, share and share alike."

The attorney for the estate takes the position that the
decedent's community one-half interest in the government bonds
should be distributed for inheritance tax purposes to the
three children named in the will rather than to the surviving
wife. We do not agree in view of the decision in Free v.
Bland, 369 U.S. 663 (1962).

In the Free case, government bonds were purchased with
community funds and issued to "Mr. or Mrs." Free who were
residents of Texas. Mrs. Free had a son by a previous
marriage. At Mrs. Free's death, the husband claimed exclusive
ownership of the bonds; and the son, who was the principal
beneficiary under his mother's will, claimed an interest in
the bonds by virtue of the Texas community property laws.

The Court of Civil Appeals[1] affirmed the trial court's award of full title to the surviving spouse but reversed the trial court's award of reimbursement following the holding in Smith v. Ricks, 159 Tex. 280, 318 S.W.2d 439 (1958), in which unconditional effect was given to the survivorship provisions of the Federal regulations governing savings bonds.[2] The Texas Supreme Court in the Free case, acting under the authority of Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565 (1961), which was decided while writ of error was pending in the Free case, and which overruled the Ricks case, reversed the Court of Civil Appeals and reinstated the judgment of the trial court in a per curiam opinion. Bland v. Free, 162 Tex. 72, 344 S.W.2d 435 (1961).

In overruling the Ricks case, the Texas Supreme Court made the following statement in the Hilley case at page 570:

> "It is clear that the Federal regulations do not override our local laws in matters of purely private ownership where the interests of the United States are not involved. Bank of America National Trust & Savings Ass'n v. Parnell, 352 U.S. 29, 77 S.Ct. 119, 1 L.Ed.2d 93."

When the Free case reached the Supreme Court of the United States, it rejected this proposition for the reason that the survivorship provision is a federal law which must prevail over state law under the Supremacy Clause of the Constitution of the United States. Article VI, Clause 2.

Thus, a decision of the Texas Supreme Court which gave effect to the provisions of a will which devised the deceased co-owner's one-half community interest in government bonds to a third party was overruled; and full title to such interest was awarded to the surviving co-owner.

---

[1] 337 S.W.2d 805 (1960)

[2] The Treasury regulations provide that the co-owner of United States savings bonds issued in the "or" form who survives the other co-owner "will be recognized as the sole and absolute owner" of the bond (31 C.F.R., Sec. 315.61), and that "no judicial determination will be recognized which would defeat or impair the rights of survivorship conveyed by these regulations." (Id. Sec. 315.20).

Since the Free case has settled the question of property rights as to bonds of the "or" type, necessarily the distribution of the decedent's one-half community interest in such bonds must be in accordance with the property rights as they existed at the decedent's death.  It is at this time that the inheritance tax accrued under the provision: of Article 14.01, Title 122A, Vernon's Civil Statutes, taxing transfers by "deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor. . . ."  Atty.Gen.Ops. Nos. 0-6691; C-12.  Once the tax has accrued, it is immaterial whether the surviving spouse sees fit to give away the interests to which she succeeded at the date of her husband's death.

### S U M M A R Y

A provision in a will purporting to transfer to third parties the decedent's community one-half interest in government bonds issued to himself or his wife is ineffective.  At the decedent's death, the surviving spouse became the absolute owner of the deceased husband's one-half interest in the bonds; and the value thereof should be distributed to her for inheritance tax purposes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Houser
Ralph Rash
Kerns Taylor
W. O. Schultz

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone